**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RECEIVED
SDNY PRO SE OFFICE

2022 DEC 19  PH 3:32

_____

SHENG-WEN CHENG,

                       **Petitioner,**

      **-against-**

OFFICER WILSON, OFFICERS JOHN DOES
1-5 (Names to be determined),
sued in their individual capacities,

                 **Respondents.**

PETITION FOR
DEPOSITION TO
PERPETUATE
TESTIMONY

No.

_____

    **COMES NOW,** pro se Petitioner Sheng-Wen Cheng, files this Petition pursuant to Rule 27(a) of the Federal Rules of Civil Procedure, against Respondents Officer Wilson, Officers John Does (Names to be determined), sued in their individual capacities, and in support thereof would show this Court the following matters and facts:

1. Petitioner retains to be an adult resident citizen of New York, New York, despite the Petitioner is currently incarcerated at Federal Correctional Institution of Sandstone, Minnesota.

2. Respondents are adult resident citizens of Joint Base MDL, New Jersey.

3. The proofs of certain facts are necessary to be preserved before

      (a) The witnesses to be deported back to their countries;

(b) The witnesses to be released from the Federal Bureau of Prisons" ("BOP") custodies; (At least two known witnesses had been released from BOP's custodies, and one of those two witnesses had been deported back to his home country. Thus, the Petitioner can no longer locates their locations)

(c) The video footages of the date of the Petitioner's incident to be deleted from the BOP's records or computer servers;

though no actions in this Court is currently anticipated, the Petitioner has filed administrative remedies at FCI Fort Dix, the Northeast Regional Office, and the Central Office of BOP regarding the lack of security measures by Officer Wilson and other staff members, which contributed to the cause of the Petitioner's incident of April 25, 2022. Nevertheless, the Petitioner is currently experiencing strong obstacles and significant delays with the administrative remedy process. (See Exh A for all administrative remedy receipts)

4. The Petitioner desires to perpetuate the testimonies of the witnesses to be examined, whose names (some to be determined) and residences are as follows:

(a) Prisoners Plamen Mitev, Dustin Files, and John Does, with residences at FCI Fort Dix, Buildings 5811 & 5812, Joint Base MDL, NJ, 08640;

(b) Officers K. Byrd, J. Morey, C. Palm and Officers John Does, with residences unknown.

5. The facts expected to be proved are:

    (a) Respondent Officer Wilson has a long history of not making rounds while on guard;

    (b) Respondent Officer Wilson has a long history of locking the emergency exit door, which also delayed the Petitioner's access to medical help during the incident of April 25, 2022;

    (c) There was a long history of similar attacks before the incident of the Petitioner;

    (d) There continues to be similar attacks after the incident of the Petitioner;

    (e) Testimonies from other victims that were prejudiced from the Respondents' failure to protect actions;

    (f) The lack of security measures at building 5812 of FCI Fort Dix;

    (g) The lack of security measure improvements at building 5812 of FCI Fort Dix despite repeated assault incidents were being reported.

    **WHEREFORE,** the Petitioner requests this Court an order allowing the examination of said witnesses and directing that notice be given in accordance with the Rule 27(a)(2) of the Federal Rules of Civil Procedure.

I swear under the penalty of perjury that my statements above are true and best to my knowledge.

Dated: December 12 ,2022

Respectfully Submitted,

Sheng-Wen Cheng

05261-509-K1

FCI Sandstone

P.O.Box 1000,

Sandstone, MN, 55072

Page 4 of 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————

SHENG-WEN CHENG,

                   Petitioner,

       -against-

OFFICER WILSON, OFFICERS JOHN DOES,
1-5 (Names to be determined),
sued in their individual capacities,

                   Respondents.

———————————————————————

## MEMORANDUM OF LAW IN SUPPORT OF
## PETITION FOR DEPOSITION TO
## PERPETUATE TESTIMONY

### Statement of the Case

This is a petition for deposition to perpetuate testimony pursuant to Rule 27 of the Federal Rules of Civil Procedure, brought under diversity citizenship jurisdiction by Petitioner Sheng-Wen Cheng ("Petitioner Cheng"), for the purpose of perpetuating certain facts before the witnesses are either being deported or being released from the Federal Bureau of Prisons' ("BOP") custodies, and before the video footages of the date of Petitioner Cheng's incident are being deleted from BOP's records; which are related to the

assault incident of Petitioner Cheng on April 25, 2022, and resulted by the Respondents' failure to protect actions.

## Statement of Fact

Petitioner Cheng was stabbed by another prisoner around three o'clock in the morning of April 25, 2022 while Petitioner Cheng was asleep in his dorm cell at FCI Fort Dix. Petitioner Cheng was assaulted because of the Asian-hate environment he was in and the long practice of not making rounds while on guard by Respondent Officer Wilson. Moreover, Respondent Officer Wilson delayed Petitioner Cheng's access to emergency medical help while Petitioner Cheng was laying on the floor in blood, because Respondent Officer Wilson also has a long practice of locking emergency exit door. Most importantly, there were multiple attacks that were similar to Petitioner Cheng's incident, occurred before Petitioner Cheng's incident, and continues to occur after the incident of Petitioner Cheng. Even though Respondents Officer Wilson and Officers John Does were all well awared of the incidents, they did not take any measures to improve the security of the prisoners' buildings. Now, after spending almost five months in the Special Housing Unit at FCI Fort Dix, and one month in transit, Petitioner Cheng is filing this petition to perpetuate testimonies before the said witnesses are either being deported or being released from BOP's custodies, and before the video footages of the date of Petitioner Cheng's incident are being deleted from BOP's records.

## ARGUMENT
## PETITIONER CHENG SHOULD BE GRANTED HIS
## PETITION FOR DEPOSITION TO
## PERPETUATE TESTIMONY

In deciding on whether to grant a petitioner's Rule 27 petition, this Circuit weighs on three factors:

1) Whether there is a focused explanation of the anticipated known testimony;

2) whether in good faith that an action cognizable in federal court is expected, but is currently unable to bring it or cause it to be brought;

3) whether an objective showing was made that without a Rule 27 hearing, known testimony would otherwise be lost, concealed or destroyed.

See In re Petition of Allegretti, 229 F.R.D. 93, 96 (S.D.N.Y. Aug 2, 2005) All three factors weigh in favor of Petitioner Cheng.

A. Petitioner Cheng anticipates a focused explanation of known testimonies.

This Circuit has established that Rule 27 may not be used as a vehicle for discovery prior to filing a complaint. See In re Yamaha Motor Corp., 251 F.R.D. 97, 2008 U.S. Dist. LEXIS 19138 Civ.

No. 1-08-ML-49 (N.D.N.Y. July 7, 2008) In this current case, Petitioner Cheng has shown in the petition that Petitioner Cheng is looking for certain testimonies to be preserved, instead of doing general discoveries.

Furthermore, the first factor would be satisfied "where the petition shows that the petitioner already posses the desired information in general form, is merely seeking it in a more detailed form, and is not looking for new information." See In re Application of Liquor Salesman's Union Local 2D Pension Fund, 12-cv-2786, 2012 U.S. Dist LEXIS 100685, 2012 WL 2952391 Here, Petitioner Cheng has possessed information more than just in general form, and is not looking for new information. Also, just like In re Application of Liquor, Petitioner Cheng is only using the testimonies from the witnesses to identify other potential defendants/respondents, and to support the claims of wrongful conducts by those defendants/respondents. Hence, the first factor is satisfied.

Similarly, the first factor would also be satisfied "where the petition shows that the petitioner already knew the identity of the potential responsible party that the petitioner is seeking to elicit testimonies about from the witness sought to be deposed." See In re Town of Amenia, 200 F.R.D. 200, 201-02 (S.D.N.Y.) In Petitioner Cheng's case, at least Respondent Officer Wilson's identity has been known by Petitoner Cheng as the potential responsible party.

Nevertheless, even if the Respondents were to argue that the petition can not be granted unless the full names and addresses of adverse parties and witnesses have been identified, this Court

had granted a petition in the absence of the names and addresses of the respondents and witnesses. See In re Alpha Industries, Inc, 159 F.R.D. 456 (S.D.N.Y. 1995) At least in the current case, Petitioner Cheng has identified Respondent Officer Wilson and a few witnesses. Moreover, Petitioner Cheng knows the testimonies he is looking to preserve. Thus, Petitioner Cheng has shown that there is a focused explanation of the anticipated known testimony.


B. Petitioner Cheng is currently unable to bring an action to this Court in good faith.

In Mosseller v. United States, 158 F.2d 380 (2d Cir. 1946), this Court allowed the petitioner to perpetuate her son's testimony before her claim had been administratively disallowed, or sixty days had elapsed from the claim's filing; which both prevented the petitioner from filing her lawsuit immediately.

Similarly, Petitioner Cheng can not bring a lawsuit against Respondents Officer Wilson and other officers/staffs in this Court until Petitioner Cheng has exhausted his administrative remedies; which Petitioner Cheng has been diligently trying to exhaust since late June 2022. Nevertheless, Petitioner Cheng is experiencing strong obstacles and significant delays from the process as shown in the Exhibit A. Thus, Petitioner Cheng is currently unable to bring an action to this Court in good faith.


C. Known testimonies would be lost, concealed, or destroyed without this Court's intervention.

This Circuit has required that a petitioner must make a particular showing that "intervention prior to commencement of an action is necessary to preserve the subject evidence." See In re Yamaha Motor Corp In present case, a court intervention is necessary as Petitioner Cheng had been sent away from FCI Fort Dix, which is impossible for Petitioner Cheng to be in contact with any witnesses (and not allowed as well).

Additionally, FCI Fort Dix might have deleted the video footages of the date of Petitioner Cheng's incident already (supposedly preserved for 6 months only), which makes the testimonies from the said witnesses (prisoners and officers) more important than ever. See General Board of Global Ministries of the United Methodist Church b. Cablevision Lightpath Inc., 2006 U.S. Dist LEXIS 86826, 2006 WL 3479332 (without court intervention, the request information would be lost, since Cablevision routinely destroys such data in the ordinary course of its business after 90 days) Therefore, if FCI Fort Dix had already deleted the video footages, Petitioner Cheng relies more on this Court's intervention to perpetuate testimonies from the said witnesses before they are either deported or released from BOP's custodies.

Furthermore, like in re Campania Chilera de Navagacion, No. 03-cv-5382, 2004 U.S. Dist LEXIS 6408, 2004 WL 1084243 (E.D.N.Y. Feb 6, 2004), pre-action intervention is warranted where potential witnesses are foreign nationals, as they might never be in the United States again and thus would be hard to locate them. The said witnesses Petitioner Cheng wants to perpetuate testimonies from are mostly Mexican nationals. And therefore, it would be very difficult

for Petitioner Cheng to locate them once they are released from
BOP's custodies, and are deported back to their countries. Just like
the situation of Petitioner Cheng's former cellmate, who witnessed
Petitioner Cheng's stabbing incident first hand but has since be
deported back to Mexico and thus is no longer able to be located.

Most importantly, as in re Town of Amenia, without court
intervention, the information would be lost, and such expected
testimony is highly valuable and no substitute source of the
information which the witnesses may provide had been identified.
Now, after the deportation of Petitioner Cheng's former cellmate,
it is extremely important for Petitioner Cheng to have a chance to
perpetuate the testimonies from the said witnesses, as they are the
only witnesses left that can prove the facts that Petitioner Cheng
is trying to preserve. Thus, known testimonies would be lost,
concealed, or destroyed without this Court's immediate intervention.

## CONCLUSION

For the reasons above, this Court should grant Petitioner
Cheng's Petition for Deposition to Perpetuate Testimony, and allow
Petitioner Cheng to examine the said witnesses at a date as early
as possible.

Dated: December 12 ,2022

Respectfully Submitted,

_____
Sheng-Wen Cheng

05261-509-K1

FCI Sandstone

P.O. Box 1000,

Sandstone, MN, 55072

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

EXH A

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP–DIR–9 and BP–DIR–10, including any attachments must be submitted with this appeal.

From: _Chem, Sheng-Wen_ _0586l-509_ _K1_ _FCI Sandstone_
        LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A—REASON FOR APPEAL**

It is futile for me to refile a BP-9 as I am currently at a different facility than the one with all these incidents occurred. Additionally, I followed my building manager Byrd's instructions on filing administrative remedies at that time. According to case laws in courts, even if the instructions from the staffs were wrong, I am considered to have exhausted my administrative remedies if I followed the staff's (in this case the building manager Byrd) instructions. Therefore, I am requesting your office to accept my appeal, and approve the remedies that I listed in my BP-8 immediately. (To be more specific, I want disciplinary actions file against the staffs that I identified and will be identified in the future, and the names of the staffs that I am looking for) Thank you.

November ___,2022
     DATE                                   SIGNATURE OF REQUESTER

**Part B—RESPONSE**

     DATE                                  GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE               CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**
                                     CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

     DATE                            SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

Printed on Recycled Paper

BP–231(13)
APRIL 1982

USP LVN

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: SEPTEMBER 21, 2022  *ebd*  *Received on 11/14/22 at FCI Sandstone*

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO  : SHENG-WEN CHENG, 05261-509
      PHILADELPHIA FDC    UNT: 5 SOUTH    QTR: E04-541U
      P.O. BOX 572
      PHILADELPHIA,  PA 19106


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 1129383-R1      REGIONAL APPEAL
DATE RECEIVED   : AUGUST 26, 2022
SUBJECT 1       : OTHER COMPLAINT AGAINST STAFF
SUBJECT 2       : SAFETY, SANITATION, ENVIRONMENTAL CONDITIONS
INCIDENT RPT NO:

REJECT REASON 1: SEE REMARKS.

REMARKS         : CONCUR WITH RATIONALE OF INSTITUTION FOR REJECTION.
                  IF YOU HAVE STAFF VERIFICATION LATE FILING WAS NOT
                  YOUR FAULT, YOU MAY REFILE THE BP9 WITH THE MEMO.

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __Cheng, Sheng-Wen__    __05561-509__    __5812__    __FCI Fort Dix__
            LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A - REASON FOR APPEAL**

I first tried to raise my complaints in a long letter to my building manager Byrd on 06/28/2022 as I had sent numerous cop-outs to address the concerns I raised verbally before but I never received a response. Then Mr. Byrd told me to resubmit my complaints in BP-8 formats. And when I asked for ≥5 BP-8s, Mr. Byrd answered me that I should just summarize my complaints and submit them in 1 BP-8 only! Of which I did and submitted it on 7/5/22. Nevertheless, later on when I tried to submit a BP-9 (since I did not receive any remedies that I requested), it was rejected based on the ground that it was untimely and the complaints need to be separated. However, I did what Mr. Byrd wanted me to do. And when I resubmitted my BP-9 on 8/12/22, it was rejected on the same reasons again immediately. But Counselor J. Morey never provided me with the ≥5 BP-9s that I need for resubmission, even though I have repeatly asked him for the BP-9s either in person, through writing, cop-out, or through my building manager Byrd on 8/16/22, 8/16/22, 8/17/22, 8/17/22. Therefore, I am forced to submit this appeal as counselor J. Morey also ignored my request for an extension to file the BP-9s. As a result, I am requesting the remedies that I listed out in my BP-8 immediately (except the monetary compensations). To be more specific, I want disciplinary actions file against the staffs that I identified and will be identified in the future, and the names of the staffs that I am looking for, thank you.

__08/19/2022__    (The notes on the rejection notice were
            my answers to the rejection to counselor J. Morey.)
       DATE                                                   SIGNATURE OF REQUESTER

**Part B - RESPONSE**

 

       DATE                                                  REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE             CASE NUMBER: __1293832l__

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C - RECEIPT**

                                                CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

       DATE                                    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN             PRINTED ON RECYCLED PAPER                                 BP-230(13)
                                                                         JUNE 2002

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: AUGUST 12, 2022

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      FORT DIX FCI                    8/12/22

TO  : SHENG-WEN CHENG, 05261-509
      FORT DIX FCI     UNT: UNIT 5812    QTR: Z03-336UAD
      P.O. BOX 38
      JOINT BASE MDL,  NJ 08640


FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 1129383-F2    ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED   : AUGUST 12, 2022
SUBJECT 1       : OTHER COMPLAINT AGAINST STAFF
SUBJECT 2       : SAFETY, SANITATION, ENVIRONMENTAL CONDITIONS
INCIDENT RPT NO:

REJECT REASON 1: YOUR REQUEST IS UNTIMELY.  INSTITUTION AND CCC REQUESTS
                 (BP-09) MUST BE RECEIVED W/20 DAYS OF THE EVENT COMPLAINED
                 ABOUT.

REJECT REASON 2: YOU MUST PROVIDE MORE SPECIFIC INFORMATION (E.G. CASE NO.)
                 ABOUT YOUR REQUEST/APPEAL SO THAT IT MAY BE CONSIDERED.

REJECT REASON 3: SEE REMARKS.

REJECT REASON 4: YOU MAY RESUBMIT YOUR REQUEST IN PROPER FORM WITHIN
                 5 DAYS OF THE DATE OF THIS REJECTION NOTICE.


REMARKS         : PLACE TIMELY RAISED ISSUES LISTED IN BP-8 ON
                  SEPARATE BP-9 FORMS AND RESUBMIT.

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: AUGUST 5, 2022

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      FORT DIX FCI

                                    8|5|22

TO  : SHENG-WEN CHENG, 05261-509
      FORT DIX FCI     UNT: UNIT 5812     QTR: Z03-317LAD
      P.O. BOX 38
      JOINT BASE MDL,  NJ 08640


FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 1129383-F1      ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED   : AUGUST 5, 2022
SUBJECT 1       : OTHER COMPLAINT AGAINST STAFF
SUBJECT 2       : SAFETY, SANITATION, ENVIRONMENTAL CONDITIONS
INCIDENT RPT NO:

REJECT REASON 1: YOUR REQUEST IS UNTIMELY.  INSTITUTION AND CCC REQUESTS
                 (BP-09) MUST BE RECEIVED W/20 DAYS OF THE EVENT COMPLAINED
                 ABOUT.

REJECT REASON 2: YOU MUST PROVIDE MORE SPECIFIC INFORMATION (E.G. CASE NO.)
                 ABOUT YOUR REQUEST/APPEAL SO THAT IT MAY BE CONSIDERED.

REJECT REASON 3: SEE REMARKS.

REJECT REASON 4: YOU MAY RESUBMIT YOUR REQUEST IN PROPER FORM WITHIN
                 5 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REMARKS         : SEPERATE ISSUES AND REFILE, PLEASE BE SPECIFIC IN
                  DATES OF ALLEGED CLAIMS, MONETARY COMPENSATION IS
                  NOT AVAILABLE IN ADMINISTRATIVE REMEDY PROGRAM FILE
                  Tort Claim∞

I first tried to raise my complaints in a long letter to Mr. Byrd on 6/28, then Mr. Byrd told me to
bmit my complaints in BP-8 forms. And when I asked for ≥5 BP-8 forms, Mr. Byrd answered me that I should
summarize my complaints and submit them in 1 (one) BP-8 form only, of which I did and submitted it on 7/15,
efore, I do not understand why my BP-9 has rejected, as I followed Mr. Byrd's instructions. If I need to
ide more specific information and seperate the issues in my complaint, then please provide me with ≥5
inititative Remedy Request (BP-9) immediately, so I can file the complaints timely as my BP-8 has
dy failed (my remedy requests on BP-8 wasn't granted). Thank you.

          P.S. I agree that monetary compensation is not available, so I need another SF-95 form

REQUEST FOR ADMINISTRATIVE REMEDY

7-29-22 ⊕

*attachments are needed, submit four copies. Additional instructions on reverse.*

| Sheng-Wen | 05261-509 | 5812 | Fort Dix |
|---|---|---|---|
| LAST, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

INMATE REQUEST

I did not receive any remedies that I requested on the informal resolutions (BP-8) that I submitted it on ~~7/5~~ 7/15 and answered by my case manager on 7/29. Therefore, I would like those remedies to be implemented. Most importantly, I want the names of the staffs that I am asking for to be provided to me, ~~and my~~ ~~~~ Please see the informal resolutions (BP-8) for more details, thank you.

08.03.2022
DATE

SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____
DATE

_____
WARDEN OR REGIONAL DIRECTOR

*dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 1129383-F2

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

_____
DATE

⊗ PRINTED ON RECYCLED PAPER

_____
RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP–229(13)
APRIL 1982

SP LVN

OPI: LEGAL DEPARTMENT
Number: FTD 1330.18
Date: November 18, 2014
Attachment: 1

FCI FORT DIX, NEW JERSEY
INFORMAL RESOLUTION FORM (BP-8)

You are advised that prior to receiving and filing a Request for
Administrative Remedy Form BP-9, you MUST ordinarily attempt to informally
resolve your complaint through your Correctional Counselor.  Briefly
state ONE complaint below and list what efforts you have made to resolve
your complaint informally and state names of staff contacted.

Date form issued and initials of Correctional Counselor: _K.B. 7/12/22_

INMATE NAME _Shere-Wen Cheng_
REGISTER NO. _05261-509_
BLDG. _5812        SHU_

Date the incident complained of occurred: _4/28/22 till present_

Complaint and relief requested: _First I am complaining the lack of security measures
of officer Wilson, whoever is in charge of security for West Compound & building 5812, and SIS.
Second, I am complaining about the deliberate indifference actions taken by nurse Newbury,
nurse Tagre, nurse Pelord, the eye doctor, PA Ibe, Dr. Hawson, officer D'Montra, the transportation
officer, and LT Decker. Third, I am complaining about the safety department for failing to eradicate the
insect and mold issues at the SHU and building 5812._   (back page)

CORRECTIONAL COUNSELOR:

Date BP-8 returned to Correctional Counselor: _7-19-2022_

Efforts made to informally resolve and staff contacted: _CSU Palm —
Appropriate notifications have been made regarding claims of staff misconduct and will be
investigated accordingly. You have already filed Tort Claims for monetary compensation
which will be reviewed. Your conditions of confinement in SHU are appropriate and in
accordance with policy._

Date response given to inmate: _7.25.22_        _____
                                                Counselor    (sign)

Date BP-9 Issued: _7.26.22_     _For un B___
                                Unit Manager (sign)

If complaint is NOT informally resolved: forward original attached to
BP-9 form to the Legal Assistant.

being violated

Forth, I am complaining my due process right (of 14ᵗʰ Amendut") & the right not to be under cruel and brutal punishment (of 8ᵗʰ Amendut") for not being invited to the inmate 7 & 30 days review, and being forced to share Ttems (like clothes & socks, etc) and to live under dirty environment.

Fifth, I am complaining about property officer Barns & Walks for never letting me examining my property, and retrieving my psychotropic pills, religious books, and legal materials. (except officer Grinell, storm, Ryan)

Sixth I am complaining about all the correctional officers that worked at SHU between (5/9/22 ᵗ 5/19/22) ignored me and my cellmate's multiple requests to fix the broken sink, and leaky issues in the cell.

Seventh, I am complaining about Acting Warden Dr. Kodger and New Warden Kight for not answering my request to be moved to building 5506 insted of being in the SHU as a victim of an assault.

8th, I am complaining about the racist actions by officer Savage and officer K. Clark and L. Johnson.

9th, I am complaining about the medical deliberate indifferences actions taken intentionally by officer Stahlin and K. Daniels at the SHU.

10th, I am complaining about Dr. Turner & HSA officer Haczynski for giving me the wrong name of the hospital.

11th, I am complaining about Counselor J. Morey for lying that I never submitted a BP-8 regarding my Incoming mail issue. Which I did submit it on 5/5/22.

I am requesting for the following retrieves:

Disciplinary actions file against all the officers and staffs identified and will be identified in the future

I want to know who is in charged of the security for West Compond, building 5512, and the day of my incident.

I want to know who the transporting officer was.

I want the Insect and mold issues to be addressed, and I be moved to building 5506 immediately.

I want to know who is in charge of the inmate 7 & 30 days review at the SHU

I want my BP-9 regarding my Incoming mail material to be submitted without issues.

I want $15M (fifteen Million US Dollars) compensated by the United States

I want $80K (eighty-thousand US Dollars) compensated by each staff and officer identified above and will be identified in the future (ex: the transporting officer)

Sheng-Wen Cheng #05261-509-K1

Federal Correctional Institution Sandstone

   P.O. Box 1000,

Sandstone, MN, 55072



ST PAUL MN 551
TUE 13 DEC 2022 PM

RECEIVED
SDNY PRO SE OFFICE
2022 DEC 19 PM 3:18

⇔05261-509⇔
Daniel Patrick
Moynihan U.S. Courthouse
500 Pearl ST
NEW YORK, NY 10007
United States

USM
SDN