UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHENG-WEN CHENG,

                Petitioner,

-against-

OFFICER WILSON, et al.,

                Defendants.

1:22-CV-10706 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner initiated this *pro se* action while he was incarcerated in the Federal Correctional Institution in Sandstone, Minnesota ("FCI Sandstone"). By order dated January 11, 2023, and entered two days later, on January 13, 2023, the Court transferred this action, *sua sponte*, under 28 U.S.C. § 1406(a), to the United States District Court for the District of New Jersey. (ECF 5.) The Court transferred this action because Petitioner alleged that: (1) the opposing parties resided in New Jersey; (2) the relevant witnesses were located in New Jersey; and (3) the events that were the bases for his claims, including "the April 25, 2022, stabbing of [him] by another prisoner; the failure of prison officials to protect [him]; and prison officials' delay in providing [him] with medical treatment after he had been stabbed" all allegedly occurred in the Federal Correctional Institution at Joint Base McGuire-Dix-Lakehurst, in New Jersey ("FCI Fort Dix"), while Petitioner was incarcerated there. (*Id.* at 2-3.)

      On July 10, 2023, well after this action had been transferred to the District of New Jersey, the court received from Petitioner, who was, by then, incarcerated in the Federal Medical Center in Rochester, Minnesota ("FMC Rochester"), a "motion to redact certain information." (ECF 6.) In this motion, Petitioner asks the Court to order, "pursuant to Federal Rule[] of Civil Procedure 5.2(e)(1), . . . redaction of [the mentioning of his] . . . stabbing incident at [FCI Fort Dix in his

initial pleading for this action] . . . and [in] all supporting documents."[1] (*Id.* at 1.) He filed this motion in an attempt to have the Court "redact all of the pleadings and papers that have been filed in this [action, including] . . . court opinions and orders." (*Id.*)

On August 30, 2023, the court received a letter from Petitioner in which he requests that the Court order "seal[ed] or . . . redact[ed] all [of] the pleadings and/or opinions from this Honorable Court that are related to [his] stabbing incident at FCI Fort Dix in this . . . action." (ECF 7, at 1.)

For the reasons discussed below, the Court denies Petitioner's motion and letter request.

## DISCUSSION

Both the common law and the First Amendment protect the public's right of access to court documents. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597-99 (1978); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91-92 (2d Cir. 2004). This right of access is not absolute, and "the decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599 (footnote omitted).

The United States Court of Appeals for the Second Circuit has set forth a three-part analysis to determine whether, under the common law, a document relating to a lawsuit should be made available to the public. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 2006). This three-part analysis, which courts normally use to determine whether a document relating to a lawsuit should be sealed or remain sealed, *see id.* at 112-13, 119-20, has also been used to

---

[1] Under Rule 5.2(e) of the Federal Rules of Civil Procedure, "[f]or good cause, the court may by order in a case: (1) require redaction of additional information; or (2) limit or prohibit a nonparty's remote electronic access to a document filed with the court." Fed. R. Civ. P. 5.2(e).

determine whether such a document should be redacted under Rule 5.2(e)(1) of the Federal Rules of Civil Procedure ("Rule 5.2(e)(1)"), *see D.J.C.V. v. United States*, No. 20-CV-5747, 2023 WL 3775283, at *1-3 (S.D.N.Y. June 2, 2023); *Open Soc'y Justice Initiative v. Trump*, No. 20-CV-8121, 2020 WL 6286318, at *1-2 (S.D.N.Y. Oct. 26, 2020); *see also Zhang Jingrong v. Chinese Anti-Cult World Alliance*, No. 15-CV-1046, 2016 WL 11671639, at *1-4 (E.D.N.Y. June 2, 2016) (quoting Rule 5.2(e)(1), but discussing in the context of a motion to maintain the sealed status of letter briefs under Fed. R. Civ. P. 26(c)); *see generally United States v. Lopez*, No. 18-CR-0609, 2022 WL 4134423, at *1 (E.D.N.Y. Sept. 12, 2022) ("A request to redact . . . judicial documents is subject to the three-part test set forth in [*Lugosch*].").

First, the Court must determine whether the document at issue is indeed a "judicial document," to which the public has a presumptive right of access. *Lugosch*, 435 F.3d at 119. Judicial documents are those that are "relevant to the performance of the judicial function and useful in the judicial process." *Id.* (internal quotation marks and citation omitted). Second, if the Court determines that the material to be sealed is a judicial document, then the Court must determine the weight of the presumption of access. *Id.* "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). Finally, "the court must balance competing considerations against" the presumption of access. *Lugosch*, 435 F.3d at 120 (internal quotation marks and citation omitted). "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy

interests of those resisting disclosure."[2] *Id.* (internal quotation marks and citation omitted). The fact that a document has been publicly available weighs against restricting public access to it. *See United States v. Basciano*, Nos. 03-CR-0929, 05-CR-0060, 2010 WL 1685810, at *3-4 (E.D.N.Y. Apr. 23, 2010) (privacy interest in sealing documents was weakened by the fact that the public was already aware of the relevant information); *see also Moroughan v. Cnty. of Suffolk*, No. 12-CV-0512, 2021 WL 280053, at *4 (E.D.N.Y. Jan. 24, 2021) ("[G]iven the critical nature of those issues in this litigation and their presence in other public documents, it is the Court's view that the public has a strong interest in access to *all the evidence* surrounding those issues in the Court's Opinion in order to allow the public to make their own assessment of the parties' summary judgment arguments and the Court's decision.") (italics in original); *United States v. Cohen*, No. 18-CR-0602, 2019 WL 3226988, at *1 (S.D.N.Y. July 17, 2019) ("[T]he involvement of most of the relevant third-party actors is now public knowledge, undercutting the need for continued secrecy."); *United States v. Key*, No. 98-CR-0446, 2010 WL 3724358, at *3 (E.D.N.Y. Sept. 15, 2010) ("[Defendant] offers no evidence that sealing now what has long been in the public record will prevent some enhanced risk of substantial prejudice to his or his family's

---

[2] As to the relevant First Amendment analysis, there are two different approaches. The first is "the so-called 'experience and logic' approach[,] [which] requires the court to consider both whether the documents 'have historically been open to the press and general public' and whether 'public access plays a significant positive role in the functioning of the particular process in question." *Lugosch*, 435 F.3d at 120 (citations omitted). The Second Circuit has noted that "[t]he courts that have undertaken this type of inquiry have generally invoked the common law right of access to judicial documents in support of finding a history of openness." *Id.* (citation and internal quotation marks omitted). As to the second approach, courts "consider[] the extent to which the judicial documents are 'derived from or [are] a necessary corollary of the capacity to attend the relevant proceedings.'" *Id.* (citation omitted, alteration in original). Here, because the common law right of access requires the Court to deny Petitioner's motion and letter request, there is no need to discuss these approaches to First Amendment analysis.

safety."). "The burden of demonstrating that [access to] a document submitted to a court should be [restricted] rests on the party seeking such an action." *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997); *Nespresso USA, Inc. v. Williams-Sonoma*, No. 19-CV-4223, 2021 WL 1812199, at *1 (S.D.N.Y. May 6, 2021); *Dedjoe v. Esper*, No. 1:15-CV-1170, 2019 WL 697821, at *9 (N.D.N.Y. Feb. 19, 2019), *aff'd*, 804 F. App'x 1 (2d Cir. 2020) (summary order); *In re Gushlak*, No. 11-MC-0218, 2012 WL 3683514, at *1 (E.D.N.Y. July 27, 2012), *report & recommendation adopted*, 2012 WL 3779229 (E.D.N.Y. Aug. 30, 2012).

Pleadings, which include the document that initiates a civil suit (a complaint), are considered judicial documents for the purpose of this analysis. *McBride v. Global Valuation Ltd.*, 714 F. App'x 92, 93 (2d Cir. 2018) (summary order); *United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 141-42 (2d Cir. 2017); *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 140 (2d Cir. 2016). The same is true with respect to a court's own decisions and orders. *See Hardy v. Equitable Life Assurance Soc'y of the United States*, 697 F. App'x 723, 725-26 (2d Cir. 2017) (summary order); *Khelalfa v. Gen. Elec. Co.*, No. 1:19-CV-10727, 2021 WL 11660920, at *7 (S.D.N.Y. Mar. 22, 2021); *Ferrand v. Credit Lyonnais*, 106 F. Supp. 3d 452, 455 (S.D.N.Y. 2015); *In re Sealed Search Warrants Issued June 4 and 5, 2008*, No. 08-M-0208, 2008 WL 5667021, at *2 (N.D.N.Y. July 14, 2008). In addition, "[c]ourts within this Circuit have tended to treat a motion to seal [and supporting documents] as . . . judicial document[s] that [are] entitled to a strong presumption of public access." *Doe v. City of New York*, No. 1:22-CV-7910, 2022 WL 15153410, at *4 (S.D.N.Y. Oct. 26, 2022) (collecting cases); *see Brunckhorst v. Bischoff*, No. 21-CV-4362, 2023 WL 1433573, at *1 (S.D.N.Y. Jan. 31, 2023) (quoting *Doe*,

2022 WL 15153410, in the context of deeming a supplemental letter in support of a motion to seal a judicial document).

The Court understands Plaintiff's motion and letter request as asking the Court to restrict electronic access to, if not, seal any submissions and court orders and decisions that mention the events that Plaintiff alleged occurred at FCI Fort Dix. This appears to include: (1) his initial pleading for this action (ECF 2); (2) a letter that has attached to it "copies [of] the . . . complaints that [he had] filed [in] this . . . court," including the initial pleading for this action (ECF 4); (3) the Court's January 11, 2023 transfer order (ECF 5); (4) the present "motion to redact certain information" under Rule 5.2(e)(1) (ECF 6); (5) the present letter request "to seal or to redact all [of] the pleadings and/or opinions from this . . . [c]ourt that are related to [the] . . . incident at FCI Fort Dix in this . . . action" (ECF 7); and (6) this order. Because all these documents are "relevant to the performance of the judicial function and useful in the judicial process," *Lugosch*, 435 F.3d at 119 (internal quotation marks and citation omitted), the Court determines that they are all judicial documents for the purpose of this analysis, and, moreover, that they are entitled to a strong presumption of public access.

In his motion, Petitioner asserts that:

> he is . . . concerned that public access to the full record of these proceedings at this courthouse or any other online access . . . will continue to subject [him] . . . to personal physical dangers, personal harassments, and personal embarrassments, as demonstrated by the threats and defamations that [he] . . . received while [he] . . . was at [FCI Fort Dix and FCI Sandstone], because prisoners usually target, assault, and defame other prisoners who are known to ha[ve] been assaulted, and were unable to defend themselves regardless of the circumstances.

(ECF 6, at 1-2.)

In his letter, he states that "prisoners who are known to have been attacked before, regardless of whatever reason, are vulnerable to be attacked again. Therefore, due to the transfer

order . . . , [his] stabbing incident at FCI Fort Dix has bec[o]me public information." (ECF 7, at 1.) Petitioner, however, concedes that it is his "fault for fail[ing] to ask [that] the pleadings . . . be sealed when [he] submitted the documents to [the] . . . [c]ourt initially." (*Id.*) Yet, he is "respectfully asking [the Court] to excuse [his] failure due to [his] incarceration and pro se status, and lack of legal knowledge." (*Id.*)

While the Court is sympathetic to Petitioner's plight, the contents of the abovementioned submissions and orders are not sufficiently extraordinary to outweigh the strong presumption in favor of public access to them. There are two reasons for this: (1) Petitioner's submissions contain the alleged factual bases upon which the Court, in its January 11, 2023 transfer order, decided to transfer this action to the District of New Jersey, and in this order, denies Petitioner's requests for sealing and/or redaction, and such orders contain the legal analysis upon which the Court has come to those decisions; these submissions and orders thus show "the role of the material at issue in the [Court's] exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts," *Amodeo*, 71 F.3d at 1049; but more importantly (2) the information about which Petitioner is concerned has been publicly available via this court's electronic docket of this action since December 20, 2022, when the Clerk of Court opened this action in this court, and *it remains publicly available*, not only via this court's electronic docket, but via the District of New Jersey's electronic docket of the transferred action, *see Cheng v. Wilson*, 1:23-CV-0345 (D.N.J.).[3] The Court therefore denies Petitioner's motion and letter request.

---

[3] The Court notes that the District of New Jersey's electronic docket of the transferred action shows no attempt by Petitioner to have that court redact or seal any of the submissions or orders filed in that transferred action, including any that were transferred from this court.

**CONCLUSION**

For the reasons discussed above, the Court denies Petitioner's "motion to redact certain information" (ECF 6), as well his letter request for the Court "to order [the] . . . seal[ing] or . . . redact[ion] [of] all the pleadings and/or opinions . . . in this . . . action" (ECF 7).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 2, 2023
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge